UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:05cr0098 AS |
| | ) | |
| PATRICIO BAUTISTA (1) | ) | |

### *MEMORANDUM OPINION AND ORDER*

This court held a hearing in open court with the defendant and counsel present in South Bend, Indiana on December 1, 2005 with regard to the defendant's motion to quash arrest and suppress statements. To the extent that it was not completely clear at the hearing, this court then and now intended to deny the motion to quash arrest and to take under advisement for later ruling on the motion to suppress statements which raise an issue with regard to *Miranda v. Arizona*, 384 U.S. 436 (1966). This court has given close attention to the case cited by the defendant, namely *Rhode Island v. Innis*, 446 U.S. 291 (1980). This court has also taken the trouble to examine carefully the opinion in *Colorado v. Connelly*, 479 U.S. 157 (1986). The majority opinion there by then Chief Justice Rehnquist literally bristles with relevant authority representing important progeny of *Miranda*.

This court remains troubled by the factual setting of the questioning of this defendant by a state policeman on August 16, 2005 at that location in LaPorte County, Indiana. This court is very taken by the opinion of the then chief justice in *Colorado*, and understands that the burden to prove the voluntariness of the statements in the context of a motion to suppress is by a preponderance of the evidence and is on the United States of America. All of that

having been said, it is the conclusion here that none of the decisions cited and considered which emanate from the Supreme Court of the United States <u>compel</u> this court to grant the motion to suppress the statements in question.  This court has very serious reservations, however, in regard to this particular factual setting, but is convinced that none of the Supreme Court cases cited <u>compel</u> the granting of this motion to suppress.  This court cannot say as a matter of law that this questioning was indeed coercive governmental misconduct.  The factual setting here is light years away from that in *Brown v. Mississippi*, 297 U.S. 278 (1936).  *See also Moran v. Burbine*, 475 U.S. 412 (1986), and *Miller v. Fenton*, 474 U.S. 104 (1985).  *Terry v. Ohio*, 392 U.S. 1 (1968) does not require the granting of this motion to suppress.

With some considerable reluctance, this court is constrained to **DENY** the defendant's motion to suppress.  **IT IS SO ORDERED**.

**DATED:** December 9, 2005

S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**
